# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH E. WALKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. |
| | ) | 3:07-CV-62-WHA |
| WARDEN GRANT CULLIVER; | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF ALBAMA, | ) | |
| | ) | |
| Respondents. | ) | |

## ANSWER OF RESPONDENTS

Come now the Respondents, by and through the Attorney General for the State of Alabama, and, in response to this Court's January 23, 2007 order, hereby respectfully submit this Answer to the petition for writ of habeas corpus filed by Joseph E. Walker.

The Respondents deny that Walker is entitled to any relief under the federal writ of habeas corpus.

## I. PROCEDURAL BACKGROUND

### A. TRIAL COURT PROCEEDINGS

Walker's first degree robbery conviction – Russell County Circuit Court (CC95-598)

1. On September 17, 1996, Walker was convicted, by jury trial, of first degree robbery, pursuant to Code of Alabama (1975) Section 13A-8-41. The trial court sentenced him to serve a term of life imprisonment without parole. Exhibit 3. Walker's current incarceration is the result of that conviction and sentence.

## B. DIRECT APPEAL PROCEEDINGS

2. Walker filed a timely appeal from his conviction and sentence to the Alabama Court of Criminal Appeals.  In his direct appeal he alleged,

> 1) His conviction was obtained by use of evidence gained via an unconstitutional search and seizure;
>
> 2) He was denied his right to effective assistance of counsel; and,
>
> 3) His conviction was gained via an unlawful arrest.

Exhibit 4B, pp.3

3. On July 3, 1997, the Alabama Court of Criminal Appeals affirmed Walker's conviction and sentence on direct appeal.  See Walker v. State, 725 So. 2d 1077 (Ala. Crim. App. 1997) (table);  Exhibit 1.  Walker filed an application for rehearing, but the Alabama Court of Criminal Appeals subsequently overruled his application.

4. Walker filed a petition for writ of certiorari in the Supreme Court of Alabama, which was quashed. A certificate of judgment was issue on November 21, 1997.  See Ex parte Walker, 717 So. 2d 891 (Ala. 1997)(table) Exhibit 2.

## C. POST-CONVICTION PROCEEDINGS – <u>ALA. R. CRIM. P.</u> RULE 32

5. On April 20, 2001, Walker filed his first Rule 32 Petition which the trial court summarily denied. On appeal, he alleged the following as grounds for relief:

1) The record of prior felonies used to convict him to life imprison without parole was not certified and sworn by the clerk if the co9urt having jurisdiction;

2) The trial court was without jurisdiction to render the judgment or impose the sentence, because his sentence exceeded the maximum authorized under Alabama statute; and,

3) His contentions should not have been deemed precluded under <u>Ala. R. Crim. P</u>. Rule 32.2 (b) and Rule 32.2 (c).

Exhibit 3.

6. The Alabama Court of Criminal Appeals affirmed the trial court's denial on November 21, 2001 and subsequently issued a certificate of judgment. <u>Walker v. State</u>, CR-00-2429 (Ala. Crim. App. 2001) (mem. op.). Exhibit 3, 4A.

7. On April 18, 2005, Walker filed another Rule 32 petition. In his petition, Walker contended that the trial court failed to determine whether he was mentally competent to stand trial and this error resulted in the violation of his substantive due process rights. Exhibit 4B. The trial court summarily denied the petition. Exhibit 4C.

8. Walker filed a written notice of appeal of the trial court's judgment. On appeal, Walker argued as grounds for relief the same grounds he presented to the

trial court. Exhibit 5A.  On March 17, 2006, the Alabama Court of Criminal Appeals affirmed the judgment of the trial court by an unpublished memorandum opinion in <u>Walker v. State</u>, CR-05-0490 (Ala. Crim. App. Mar. 17, 2006) (mem. op.).  Exhibit 5B.

9. Walker filed an application for rehearing and brief in support which was overruled on April 14, 2006. Exhibit 6A.  The Alabama Supreme Court denied his petition for writ of certiorari on July 14, 2006.  Exhibit 6B. On that same day, the Alabama Court of Criminal Appeals issued a certificate of judgment.  Exhibit 6C.

## D.  THE INSTANT PETITION FOR HABEAS CORPUS

10.  On or about January 22, 2007, Walker filed the instant petition for habeas corpus in this Court where he challenges his first degree robbery conviction.  In his petition, Walker argues the following as grounds for relief: 1) His sentence and conviction was imposed while he was mentally incompetent to stand trial; thus, denying petitioner his Fifth and Fourteenth Amendment rights. Petition, pp. 15-16.

## II. ARGUMENT

## A.  WALKER'S PETITION AND THE CLAIMS CONTAINED THEREIN ARE BARRED BY THE AEDPA LIMITATION PERIOD.

11.  Walker's petition is barred by the limitation period set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section

2244 (d) (1). The AEDPA imposes a one-year statute of limitation on all habeas corpus petitions; "[t]his rule 'serves the well-recognized interest in the finality of state court judgments' and 'reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review.' " Drew v. Department of Correction, 297 F. 3d 1278, 1283 (11th Cir. 2002), citing Duncan v. Walker, 533 U.S. 167, 179, 121 S. Ct. 2120, 2128, 150 L. Ed. 2d 251 (2001). Title 28 U.S.C. Section 2244 (d) (1) (A) provides that the limitation period begins to run on the date that the time for seeking direct review of the challenged judgment expires. The limitation period is subject to statutory tolling only under limited circumstances, such as when a properly filed state court postconviction petition is pending for review. Goodman v. United States, 151 F. 3d 1335, 1337 (11th Cir. 1998); 28 U.S.C. Section 2254 (d) (2).

12. Following the Alabama Court of Criminal Appeal's affirmance of his conviction on direct appeal, Walker filed an application for rehearing in the Alabama Court of Criminal Appeals and sought certiorari review in the Alabama Supreme Court; his conviction became final on November 21, 1997, the date that the Alabama Court of Criminal Appeals entered its certificate of judgment. Exhibit 2. Walker's April 20, 2001, filing of his first Rule 32 petition did not toll the habeas limitation period, because it was filed three years, four months and

thirty days after direct review concluded.  See 28 U. S.C.  Section 2244 (d) (1) A & (2).

13.  Accordingly, Walker's one-year limitation period within which to file his habeas petition in this Court expired on November 21, 1998.  Walker's habeas petition was filed, at the earliest, on January 22, 2007, over eight years too late. Walker has shown no grounds under which he would be entitled to equitable tolling, "an extraordinary remedy which is typically applied sparingly [,]" to excuse his failure to file within the statutory period.  Steed v. Head, 219 F. 3d 1298, 1300 (11th Cir. 2000);  Howell v. Crosby, 415 F. 3d 1250, 1251 (11th Cir. 2005).  Walker's petition is therefore barred as filed outside the AEDPA limitation period under 28 U.S.C. Section 2244 (d) (1), and should be dismissed for this reason.

**CONCLUSION**

For the foregoing reasons, this Court should dismiss Walker's petition.

Respectfully submitted,

Troy King (KIN047)
Attorney General
By:

/s/Madeline Hinson Lewis
Madeline Hinson Lewis (HIN032)
Assistant Attorney General
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 242-2848
E-Mail:  mlewis@AGO.State.Al.US

7

**EXHIBITS**

Exhibit 1: <u>Walker v. State</u>, 725 So. 2d 1077 (Ala. Crim. App. 1997) (table)

Exhibit 2: <u>Walker v. State</u>, 717 So. 2d 891 (Ala. Crim. App. 1997) (table)

Exhibit 3: Alabama Court of Criminal Appeal's November 21, 2001 unpublished memorandum opinion, <u>Walker v. State</u>, CR-00-2429 (Ala. Crim. App. Nov. 21, 2001) (mem. ops.)

Exhibit 4A: Alabama Court of Criminal Appeal's January 2, 2002 Certificate of Judgment, <u>Walker v.</u> State, CR-00-2429.

Exhibit 4B: Walker's Petition For Postconviction Relief Pursuant to <u>Ala. R. Crim. P.</u> Rule 32 and Brief in Support, (Russell County Circuit Court CC95-598.63)

Exhibit 4C: Trial Court's Order granting the State's motion to dismiss Walker's Rule 32 Petition.

Exhibit 5A, 5B: Walker's Appellant's Brief, CR-05-0490; Alabama Court of Criminal Appeal's March 17, 2006, unpublished memorandum opinion, <u>Walker v. State</u>, CR-05-0490 (Ala. Crim. App. Mar. 17, 2006) (mem. ops.)

Exhibit 6A, 6B, 6C: <u>Walker v. State</u>, CR-05-0490 application for rehearing overruled; Alabama Supreme Court denial his petition for writ of certiorari <u>Ex parte Walker</u>, (Ala. Jul. 14, 2006); Alabama Court of Criminal Appeals issued certificate of judgment

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of March, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant: Joseph E. Walker, AIS # 189482, Holman Correctional Facility, Holman 3700 Atmore, AL 36503-3700.

/s/ Madeline Hinson Lewis
Madeline Hinson Lewis (HIN032)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL 36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: Mlewis@ago.state.al.us

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300

230845/104344-001

Westlaw.

725 So.2d 1077 (Table)                                                                 Page 1

725 So.2d 1077 (Table)
**(Cite as: 725 So.2d 1077 (Table))**

**H**

Joseph Edward Walker v. StateAla.Cr.App. 1997.(The decision of the Court is referenced in the Southern Reporter in a table captioned 'Decisions of the Alabama Court of Criminal Appeals Without Published Opinions'.)

Court of Criminal Appeals of Alabama.

**Joseph** Edward **Walker**

v.

State

**CR-96-0109**

July 3, 1997

AffirmedReh. den.

Ala.Cr.App. 1997.
Walker v. State
725 So.2d 1077 (Table)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

717 So.2d 891 (Table)                                                                            Page 1

717 So.2d 891 (Table)
**(Cite as: 717 So.2d 891 (Table))**

**H**
Ex parte WalkerAla. 1997.(The decision of the
Court is referenced in the Southern Reporter in a
table captioned 'Decisions of the Supreme Court of
Alabama Without Published Opinions'.)
Supreme Court of Alabama.
Ex parte **Joseph** Edward **Walker**
**NO. 1962055**

November 21, 1997


Disposition: Certiorari denied.

Ala. 1997.
Ex parte Walker
717 So.2d 891 (Table)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# Court of Criminal Appeals

*Calvin*
*3/603*

State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**



H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-00-2429                     Russell Circuit Court CC-95-598.62

Joseph Edward Walker v. State

WISE, Judge.

    Joseph Edward Walker appeals from an order of the trial
court denying his petition for post-conviction relief filed
pursuant to Rule 32, Ala.R.Crim.P.  Walker was convicted on
September 17, 1996 of first degree robbery.  The trial court
sentenced Walker as a habitual felony offender to life
imprisonment without the possibility of parole.  This Court
affirmed Walker's direct appeal of his conviction by
unpublished memorandum. See Walker v. State, 725 So. 2d 1077
(Ala. Crim. App. 1997)(table).  On November 21, 1997, the
Alabama Supreme Court denied Walker's petition for writ of
certiorari.  The certificate of judgment was issued on the
same day.  See Ex parte Walker, 717 So. 2d 891 (Ala.
1997)(table).

    On April 20, 2001, Walker filed this Rule 32 petition in
the Russell Circuit Court.  Upon the State's motion, the trial
court summarily dismissed Walker's petition by written order.
Walker now appeals on the grounds that his petition was
erroneously dismissed.  He argues: (1) that the record of

1

prior felonies used to convict him to life in prison without parole was not certified and sworn by the clerk of the court having jurisdiction;    (2) that his sentence exceeded the maximum sentence allowed under § 13A-8-41, Ala. Code 1975, for robbery in the first degree; and (3) that his contentions should not have been deemed precluded under Rule 32.2 (b) and 32.2 (c), Ala.R.Crim.P.

First, we address Walker's contention that the Ohio Court of Common Pleas orders outlining the disposition of ten prior felonies, which were relied upon to sentence him to life in prison without parole, were not properly certified and sworn by the clerk of the court having jurisdiction.  Such a claim is not jurisdictional. See  Johnson v. State, 675 So. 2d 85, 87 (Ala. Crim. App. 1995); Nichols v. State, 629 So. 2d 51, 57 (Ala. Crim. App. 1993).   Therefore, this claim is procedurally barred by the two-year limitations period set forth in Rule 32.2 (c), Ala.R.Crim.P.

Walker also argues that his sentence of life imprisonment without the possibility of parole exceeds the maximum sentence allowed by law.  Specifically, he claims that only two of the ten prior felony convictions were, in fact, convictions; the remaining eight cases, he claims, were nolle-prossed and thus, could not be used for sentence enhancement purposes.[1]

The trial court's order, dated July 12, 2001 states the following:

> "Upon consideration of the pleadings, the petition for relief filed by Joseph E. Walker under Rule 32 of the Alabama Rules of Criminal Procedure is completely without merit.   Defendant was convicted by a jury and sentenced under Alabama's Habitual Offender Law.  The State of Alabama proved to this Court that the Defendant, Joseph E. Walker had ten prior felony convictions.   The Court properly sentenced Defendant to life without parole in the penitentiary of Alabama.

---

[1] In support of this claim, Walker attaches copies of the transcript of his sentencing hearing to his Rule 32 petition.  The transcript reveals that defense counsel objected to the State's proof of Walker's prior convictions, stating: "It appears that there was a sentence where the defendant pled guilty to two counts, aggravated robbery in indictment 2911-01 and [the] other eight were nol-prossed." (C. 23)

"Defendant's petition is hereby dismissed."
(R. 39)

Because Walker's claim, if true, would merit relief and because the trial court's order fails to specifically address whether it has reviewed the prior convictions used for enhancement purposes, we have reviewed our records regarding Walker's direct appeal.[2]  Our review of the record from Walker's direct appeal reveals that the State presented properly certified copies of the Court of Common Pleas, Franklin County, Ohio, which showed the entry of judgment pronouncing Walker guilty of eight counts of aggravated robbery (Case No. 87CR-04-1097) and two counts of aggravated robbery (Case No. 86CR-11-3601A).  These prior offenses were charged and sentenced pursuant to Walker's pleading guilty to all ten counts.  He was represented by counsel at the time.  It was the evidence of these prior felonies, produced at the time of sentencing, which the trial court relied upon when it sentenced Walker to life imprisonment without possibility of parole, under the Habitual Felony Offender Act.  We find no error in the trial court's sentence; the sentence does not exceed the maximum sentence based on Walker's habitual offender status.  Thus, Walker's claim is without merit.

Walker's claims were either without merit or subject to the preclusionary aspect of Rule 32.2(c), Ala.R.Crim.P.  Therefore, the trial court correctly dismissed Walker's Rule 32 petition.  For these reasons, this case is due to be affirmed.

**AFFIRMED**.

McMillan, P.J., and Cobb, Baschab, and Shaw, JJ., concur.

---

[2]This Court may take judicial notice of its own records.  Hull v. State, 607 S. 2d 369, 371 (Ala. Crim. App. 1992).

3

# THE STATE OF ALABAMA— JUDICIAL DEPARTMENT
## THE COURT OF CRIMINAL APPEALS

**CERTIFICATE OF JUDGMENT**

*Colvin*
*31603*

**Criminal Appeals Case**          **CR-00-2429**

Joseph Edward Walker v. State of Alabama (Appeal from Russell Circuit Court: CC95-598.62).

Whereas, the appeal in the above cause having been duly submitted and considered, it is now hereby certified that on the 21st day of November, 2001,  the judgment of the court below was affirmed.

Witness, Lane W. Mann, Clerk,
Court of Criminal Appeals, this
2nd day of January, 2002

Clerk
Court of Criminal Appeals
State of Alabama

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

## (Pursuant to Rule 32,
## Alabama Rules of Criminal Procedure)

**Case Number**

*CC  95  598.6*

ID        YR        NUMBER

IN THE *Russell County Circuit* _____ COURT OF *Phenix City* ALABAMA

*Joseph Edward Walker* vs. *State OF Alabama*

Petitioner (Full Name)                    Respondent

[Indicate either the "State" or, if filed in municipal court, the name of the "Municipality"]

Prison Number *189482* _____ Place of Confinement *Holman Prison*

County of conviction *Russell* _____

**NOTICE:   BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.**

1. Name and location (city and county) of court which entered the judgment of conviction or sentence under attack *Phenix City, Russell County, Alabama*

2. Date of judgment of conviction *9-16-96*

3. Length of sentence *Life without Parole*

4. Nature of offense involved (all counts) *Robbery 1.$^{st}$*

5. What was your plea?   (Check one)

   (a)  Guilty _____

   (b)  Not guilty _____

   (c)  Not guilty by reason of mental disease or defect __✓__

   (d)  Not guilty and not guilty by reason of mental disease or defect _____

6. Kind of trial: (Check one)

    (a)   Jury ✓                  (b)   Judge only _____

7. Did you testify at the trial?

    Yes _____                No __✓

8. Did you appeal from the judgment of conviction?

    Yes ✓                No _____

9. If you did appeal, answer the following:

    (a)   As to the state court to which you first appealed, give the following information:

           (1)   Name of court _Ala. Cr. App._

           (2)   Result _AFFirmed - No OPinion_

           (3)   Date of result _7-3-97_

    (b)   If you appealed to any other court, then as to the second court to which you appealed, give the following information:

           (1)   Name of court _Ala S.Ct._

           (2)   Result _AFFirmed_

           (3)   Date of result _11-21-97_

    (c)   If you appealed to any other court, then as to the third court to which you appealed, give the following information:

           (1)   Name of court _N/A_

           (2)   Result _____

           (3)   Date of result _N/A_

10. Other than a direct appeal from the judgment or conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes ✓ ●    No ____ ●

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a) (1) Name of court _Russell County Circuit Court_

(2) Nature of proceeding _Rule 32_

(3) Grounds raised _1. Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure 2. Denial of effective assistance of couns. 3. Conviction obtained by use of evidence gained pursuant to an unlawful arrest_

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes ✓    No ____

(5) Result _Denied_

(6) Date of result _3-8-1999_

(b) As to any second petition, application, or motion, give the same information:

(1) Name of court _Russell County Circuit Court_

(2) Nature of proceeding _Rule 32 Petition_

(3) Grounds raised _The court was with out Jurisdiction B. To render the Judment or to impose the sentence. C. The sentence imposed exceed the Maximum authorized by law, or is otherwise not authorized by law_

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes ____    No ✓

(5) Result _dismissed_

(6) Date of result _7-12-2001_

(c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

(1) Name of court _N/A_

3

(2)  Nature of proceeding ___*N/A*___

(3)  Grounds raised ___*N/A*___

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____   *N/A*   No _____

(5)  Result ___*N/A*___

(6)  Date of result _____

(d)  Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)  First petition, etc.          Yes _____                    No _✓_

(2)  Second petition, etc.       Yes _____                    No _✓_

(2)  Third petition, etc.         Yes _____                    No _✓_

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)  If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_First Petition Was Granted An Out OF time Apeal. Court OF Crim. APP. Dismissed it For Untimely Failing._

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

**Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):**

_____  A.  The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

(1)   Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2)   Conviction obtained by use of coerced confession.

(3)   Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4)   Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)   Conviction obtained by a violation of the privilege against self-incrimination.

(6)   Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)   Conviction obtained by a violation of the protection against double jeopardy.

(8)   Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9)   Denial of effective assistance of counsel.

**This list is not a complete listing of all possible constitutional violations.**

**If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.**

_____   B.   **The court was without jurisdiction to render the judgment or to impose the sentence.**

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____   C.   **The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____   D.   **Petitioner is being held in custody after his sentence has expired.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____   E.   **Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:**

**The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and**

**The facts are not merely cumulative to other facts that were known; and**

5

**The facts do not merely amount to impeachment evidence; and**

**If the facts had been known at the time of trial or sentencing, the result would probably have been different; and**

**The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F. **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13. **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

*See; ATTAched SuppLemenTAL Brief (Jurisdictional )*

"**Successive Petitions**. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A. Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____            No _____

B. If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a) Name of court ___*Same) Denied*_____

(b) Result ___*Denied*_____

(c) Date of result _____
(attach additional sheets if necessary)

C. If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____            No __✓___

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted ● the judgment under attack:

    (a) At preliminary hearing _____ *NO Attorney* _____

    (b) At arraignment and plea _____ *Joel Collins* _____

    (c) At trial _____ *Same* _____

    (d) At sentencing _____ *Same* _____

    (e) On appeal _____ *Patrick O' Mill* _____

    (f) In any post-conviction proceeding _____ *N A* _____

    (g) On appeal from adverse ruling in a post-conviction proceeding _____ *N A* _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

    Yes _____        No _✓_

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

    Yes _____        No _✓_

    (a) If so, give name and location of court which imposed sentence to be served in the future: _____ *N/A*

    (b) And give date and length of sentence to be served in the future: _____ *N/A* *N/A*

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

        Yes _____        No _____

18. What date is this petition being mailed?

    Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

7

IN THE CIRCUIT COURT OF RUSSELL COUNTY
PHENIX CITY, ALABAMA

JOSEPH EDWARD WALKER,          *
    Petitioner,              *
                    *
                    *
VS.                            *          CASE NO: CC-95-598
                    *
STATE OF ALABAMA,              *
    Respondants.             *

## SUPPLEMENTAL BRIEF TO RULE 32 PETITION

Comes NOW the Petitioner Joseph Edward Walker, pro-se, with
this supplemental brief to his Rule 32 Petition.

### PETITIONER WAS PUT TO TRIAL WHILE INCOMPETENT
### TO STAND TRIAL.

This is a violation of the United States Constitution, protection
under the 14th Amendment Due Process Clauses and a violation of the
Alabama Constitutional Protections affording Equal Application of
known statutory law regarding the trial of a defendant while
incompetent to stand trial.

## STATEMENT OF FACTS

Before trial began in this instant case there was a Bonafide
question as to Petitioner's mental competency;which created a
reasonable doubt. A determination was never made by a Psychiatris
as to Petitioners competency to assist defense counsel  or of  his
mental state at the time ... offense.

In this instant case; a motion for Psychiatric evaluation was properly filed,and trial court did order a competency hearing be held. See: Attached order. Petitioner's index to transcript states; order granting motion for psychiatric examination.See:Index to transcript. Petitioner was never evaluated by a psychiatrist, or any one trained in this field of expertise.

The Petitioner has a history of Mental Health Related issues from childhood. Where he had to go to southwest Mental Health Center in 1979, 1980. Before, of during trial, not once was evaluated, nor interviewed by a psychiatrist or someone trained in this field of expertise.

From days proceeding too and during trial, The Petitioner is unaware of most of the exchanges between himself and tial counsel or what all transpired during the course of trial.

When a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial. The State must at a minimum assure the defendant access to a competent psychiatrist, who will conduct an appropriate examination and assist in evalution, preparation and presentation of the defense.

Without the assistance of a psychiatrist to conduct a professiona examination on issues relevant to the defense, to help in preparing the cross examination of a states psychiative witness; The risk an _____inaccurate resolution of sanity issues is extemely high AKE vs Oklahoma, 470 US 68,33 105 S Ct. 1087-1096,84 Led.2d 53 (1985).

The Petitioner would also interject that this claim is not subject to the statute of limitations. See: Ladd v State,577 So.2d 927 (Ala. 1991).

The Petitioner avers he was not mentally competent to assist trial counsel during trial or in any pre-trial preparation. Furthermore it is equally questionable if the Petitioner was mentally competent at the time of the offense.

> "The trial judge has an on going and continuing
> responsibility to prevent the trial of an accused
> unable to assist in his defense" See: Miles v State
> 405 So.2d 158 (Ala. Cr. App.1981) at 162.

Petitioner argues that this error resulted in the violation of his substantive due process right, and is not subject to procedural errors. Because by the trial court failing to assure a reasonable legal determination of the Petitioner's mental competency. This conviction and subsequent sentence was rendered without jurisdiction to the extent however that Hicks claim raises a substantive due process claim. Ie. That he was tried and convicted while he was mentally incompetent. The claim is not subject to procedural bars See: Hicks v State, 783 So.2d 896 (Ala. Cr. App. 1999). Also, "atrial court is required to hold a hearing when ever evidence raises a sufficient doubt as to a defendant's competency to stand trial" Pate v Robinson, 383 US 375 86 S Ct. 836, 15 LEd.2d 815 (1966).

"Trial of an accused while he is incompetent violates due process Davis v Alabama, 545 F.2d 460 (5th Cir. 1977) Nathaniel v Estelle 493 F.2d 794 (5th Cir. 1974) Furthermore, when a bonafide doubt as to the accuseds competency to stand trial is raised, the failure to conduct a hearing on this issue, violates due process Pate v Robins 383 US 375, 86 S Ct. 836,15 LEd.2d 815 (1966)" Citing Wagner v State 489 So.2d 623 (Ala. Cr. App. 1985 at 129.

When the issue of competency to stand trial is properly raised or when facts are present before thetrial judge which creates a reasonable and bonafide doubt as to the mental competency of the accused to stand trial. There is no question, but that the trial judge must take steps to assure a reasonable legal determination of such questions. Atwell v State 354 So.2d 30-35 (Ala.Cr. App 1977)

"In this case allcriteria as precribed in <u>Atwell</u>, were met with the exception of a reasonable legal pdetermination."

(1) On the 20th of November 1995, an amended plea of not guilty and not guilty by reason of mental disease and defect was filed in the trial court by defence counsel Joel Collins. Later in a motion form, Petition for Psychiatric examination on Dec.8th 1995, was filed.

Petitioner was never evaluated by a psychiatrist to make a legal determination as to his competency.

(2) A resonable doubt did exist in the mind of Petitioner's attorney Joel Collins, in       fileing a motion for psychiatric examination to be done.

(3) Although a reasonable and bonafide doubt was present, the trial judge never took steps to assure a reasonable legal determination of such questions.

"The issues of the trial court lack of jurisdiction, and unauthorized sentence are excluded from the operation of the statute of limitations" (See: Ladd Supra at 926

THEREFORE, for the above said reasons the substantive due process violates this conviction and sentence should be vacated and a proper determination of the petitioner's mental competency be established by a psychiatric expert whom can legally d   ain said issue.

## CERTIFICATE OF SERVICE

I hereby certify that the above forgoing has been served upon the clerk for the Circuit Court of Russell County Alabama (3) threeCopys.

Done this 13 day of April 2005

JOSEPH E. WALKER                )       IN THE CIRCUIT COURT OF

       PLAINTIFF,                )       RUSSELL COUNTY, ALABAMA
                          )

VS.                             )       CASE NO.: CC 95-598.63
                          )

STATE OF ALABAMA                )
                          )

       DEFENDANT.                )

## ORDER

    The Petitioner/Defendant Joseph E. Walker having filed a Request for In Forma Pauperis status and the Court having reviewed and considered same it is therefore ORDERED that the Request is granted.

    It is FURTHER ORDERED that the State's Motion to dismiss the Petitioner/Defendant Joseph E. Walker's Rule 32 Petition is granted. This is a successive petition, and all of the petitioner's claims are barred under rules 32.2 (a) (3) and (2) (5) of Alabama Rules of Criminal Procedure.  Costs are assessed to Petitioner.

    DONE this the 29th day of November 2005.

                          _George P. Green_
                      JUDGE, CIRCUIT COURT

2005 DEC -5 PM 3:27    FILED IN OFFICE

88882
2/28

## IN THE ALABAMA COURT OF CRIMINAL APPEALS
### CRIM.APP. NO: CR-05-480

JOSEPH E. WALKER,
**Appellant,**

VS.

STATE OF ALABAMA
**Appellee.**

ON APPEAL FROM THE CIRCUIT COURT OF
RUSSELL, COUNTY, ALABAMA
CASE NO: CC- 1985 -598. 63
CIRCUIT COURT JUDGE George L. Olen

BRIEF AND ARGUMENT
IN SUPPORT OF

JOSEPH E. WALKER AIS# 189482
HOLMAN UNIT 3700 D-5
ATMORE, ALABAMA 36503

" ORAL ARGUMENT IS NOT REQUESTED"

## STATEMENT OF ORAL ARGUMENT

Appellant does not request oral argument at this time as appellant is proceding pro-se

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT...........................i

TABLE OF CONTENTS..........................................ii

TABLE OF AUTHORITIES.....................................iii

STATEMENT OF THE CASE AND FACTS...........................1

STATEMENT OF THE ISSUES..................................3

STATEMENT OF THE STANDARD OF REVIEW......................2

SUMMARY OF THE ARGUMENTS.................................4

ARGUMENT..............................................5-7

CONCLUSION.............................................7

CERTIFICATE OF SERVICE.................................8

## TABLE OF AUTHORITIES

Pg.

AKE V OKLAHOMA 84 Led.2d 55.......................... 6

ELLIOTT V STATE 601 So.2d 1118 (Ala.Cr.App. 1992). 2

EXPARTE JANEZIC 723 So.2d 725 728 (Ala. 1997)..... 6

EXPARTE WHITE 797 SO.2d 1097,1098(Ala. Crim.App 1999) 2

GLASS V STATE 2004 ALA. CRIM.App. LEXIS -82....... 6,7

GRADY V STATES 831 So.2d 646,648 (Ala. Crim. App.2001). 2

JOSEPH E. WALKER V STATE,[_____].............. 5,6

NICKS V STATE 783 So.2d 845 (Ala.Cr.App.1999).......... 5

NICKS V STATE, SUPRA 7

### OTHER'S

ALABAMA RULES OF CRIMINAL PROCEDURES:

ALABAMA RULE'S OF CRIMINAL PROCEDURS 32................... 3,5,7

ALABAMA RULE'S OF CRIMINAL PROCEDURS 32.(a)(3) AND (a)(5). 5

UNITED STATES CONSTITUTION AMENDMENT 14................... 5,7

ALABAMA CONSTITUTION OF 1901 ARTICLE I. SECTION 6......... 5,7

## STATEMENT OF CASE AND FACTS

1. WALKER JOSEPH EDWARDS [Herein after Appellant], appeals
from the Circuit Court of Russell County, Alabama Summary denial,
of Rule 32 petition for Post-conviction relief, attacking his
_CC95, 598, 63_ conviction for _Robbery 1_, Inwhich he was
subsequently sentenced to _Life without Purole_ CR-1

On _4 / 18 / 05_, Appellant filed the instant Rule 32 pet-
ion, raising (1) One ground for relief, challenging the juris-
diction, of the trial court to impose sentence and conviction.
In support of the grounds, appellant presented specific facts
and evidence demonstrating his entitlement to relief. CR-1

On the date of _5 / 12 / 05_, The District Attorney of
Russell County filed a "Motion To Dismiss Rule 32 petition."CR-
1      On _5 / 23 / 05_ Appellant filed his response to the
District Attorney's Motion To Dismiss RUle 32 petition.CR-1

On _12 / 06 / 05_, Without conducting an evidentiary hearing
Trial Court adopted the District Attorney's "Motion" and dis-
missed, Rule 32 petition for Relief. CR-1

On _12 / 15 / 05_, Appellant timely filed a Notice of Appeal
accompanied by a reporter's transcript order form and Docketing
Statement CR-1.

This is the subject of this appeal!

---

1. This appeal arises from the summary denial of a rule 32
   petition therefore, the case and facts have been combined for
the purpose of this appeal.

## STATEMENT OF THE STANDARD OF REVIEW

The standard of review on appeal in a post-conviction pro-
ceeding is whether the trial judge abused his discretion when
he denied the petition. <u>Grady v. State</u> 831 So.2d 646,648 (Ala.
Crim.App. 2001) qouting <u>Elliet v State</u> 601 So.2d 1118 (Ala.
Crim.App. 1992).

Where the facts are not in dispute and questions of law
are presented, The Appellate Court Review is De-Novo, <u>Exparte</u>
<u>White</u> 797 So.2d 1097,1098(Ala.2001).

## STATEMENT OF THE ISSUE

WHETHER TRIAL COURT ABUSED ITS DISCRETION IN DENYING
APPELANT'S RULE 32 PETITION WITHOUT CONDUCTING AN EVIDENT-
IARY, HEARING ON THE CLAIM: TRIAL COURT WAS WITHOUT SUB-
JECT MATTER, JURISDICTION TO RENDER JUDGEMENT/OR INPOSE
SENTENCE WHERE APPELANT WAS TRIED WHILE INCOMPENTANT
TO STAND TRIAL?

## SUMMARY OF THE ARGUMENT

In issue one (I.) Appellant Joseph E. Walker, argues to this Honorbable Court of Criminal Appeals, the abuse of discre- tion, of the trail court for dismissing his rule 32 petition on the claim: Trial Court was without jurisdiction to render judgment or to impose the sentence on appellate while incompetent to stand trial. CR-_3-14_.

Appellant first addresses that this claim raises a substan- tive, due process _violatio_ of his 14th Amendment of the UNited States Constitution, and Article I section 6 of the 1901 Alabama Constitution. This claim Appellant raises is not subject to any procedural bars due to the fact the jurisdiction of the court is challenged in this matter. CR-_3-14_

APpellant avers that he was incompetant to stand trial and /or there was a question as to his mental competency, that created a reasonable doubt as to the mental competency of the him to stand trial. Appellant further alleges that there is no question but that the trial judge must take steps to assure a reasoble legal determination of such questions.

Appellant was never evaluated by a Psychiatrist to make a legal determination as to his competency;when a reasonable doubt did exist in the mind of appellants trial attorney Joel, Collins, by the filing of the Motion for Psychiatric Examination. CR-_3-31_.

Although a reasonable doubt was present, the trial judge never took steps to assure a legal determination of such question as to Appellant mental compentcy to be able to stand trial.

In light of the summary of the argument presented, to this Court, the trial court erred in summarily denying Appellants Rule 32 petition without conducting a hearing to make a legal determination as the compentcy of appellant.

I

WHETHER TRIAL COURT ABUSED ITS DISCRETION IN DENYING
APPELLANT RULE 32 PETITION WITHOUT CONDUCTING AN EVIDENT-
IARY, HEARING ON THE CLAIM: TRIAL COURT WAS WITHOUT SUBJUCT
MATTER JURISDICTION TO RENDER JUDGMENT/OR IMPOSE SENTENCE
SENTENCE WHERE APPELLANT WAS TRIED WHILE INCOMPETENT?

Appellant alleges Trial Court was without jurisdiction
to render judgement or impose sentence where appellant was tried
while incompetent, and a legal determination of competency was
never made by a Psychiatris as to his competency to assist
defense counsel at his trial. CR 3-31 ].

Appellant raised this claim in the Cicuit Court of Russell
County Alabama in a Rule 32 Petition. Honorbale Judge George
R. Green, in his order stated the following:

> "The Petitioner/defendant Joseph E. Walker, having
> filed a request for in forma paperis status and the
> court having reviewed and considered thesame it is
> ordered that the request is granted.
> this is further ordered that the state's Motion to
> Dismiss the Petition/Defendant Joseph E. Walker's
> Rule 32 petition is granted. This is a successive
> petition and all of the petitioner's claim are barred
> under Rule 32.2(a)(3) and (2)(5) of A.R.Cr.P; cost
> are assessed to petitioner.

1.

Appellant ask this Honorable Court of Criminal APpeals
to take Judicial Notice Of the record on Appeal Cr-10-13.

Appellant argues to the extent that his claim raises a
substantive due process right -ie.,that he was tried and con-
victed while he was incompetent to stand trial. The Claim
appellant raises on appeal is not subject to any procedual
bars . See: Nicks v. State 783 So.2d (Ala.Cr.App.) When the
jurisdiction of the court is challeged in this matter, it is
not subject to any state limintations.

Appellant contends that before trial began there was a
question as to his Mental Competency, which created a reasonable
and bonifide doubt. See: CR- 15. However, appellant alleges
that a request was made by a Motion For Psychiatric Evaluation
to be held. Appellant alleges that this Motion was granted

---

1. Appellant ask this Honorable Court of Criminal APpeals to
take Judicial Notice of the record on appeal in Joseph Walker

for a hearing to be made to make a legal determination as to
his competency to stand trial by a psychiatrist CR- 15.

Appellant alleges that a hearing was held and an evaluation
was granted, but the psychiatric evaluation was never carried
out depriving him of his right while forced to stand trial incom-
petent without being evaluated.  Appellant alleges without the
assistance of a psychiatrist to conduct a professional
examination on issues relevant to the defense, to help in prepar-
ing the cross-examination of a State psychiatric witness, the
risk of an inaccurate resolution of a sanity issue is extremely
high; see: Ake v. Oklahoma, 84 L.ed2d 55.

Appellant avers he was not mentally competent to assist
his trial copunsel during trial or in any pre-trial preparation.
Furthermore, it is equally questionable if the appellant was
mentally competent at the time of the offense. In Niles v. State,
408 So.2d 158 (Ala. Cr. Ap. 1981:

> "TRIAL JUDGE HAS A N ON GOING AND CONTINUING
> RESPONSIBILITY TO PREVENT THE TRIAL OF AN
> ACCUSED UNAVBLE TO ASSIST IN HIS DEFENSE."

Appellant alleges that when the issue of competency to
strand trial is properly raised or when facts are present before
the trial judge; which creates a reasonable and bonified doubt
as to his mental competency to stand trial there is "no question"
but that trial court must take steps to assure a reasnable legal
deterrmination of competency is reached... Trial court must
inquire into the appellants competencey by generally conducting
a hearing.  See: Glass v. State, 2004 Ala. Crim.App. Lexis-82
also see: Exparte Insezic 723 So.2d 728 (Ala. 1997).  In this
instant, case the record before this Honorable Court of Criminal
Appeals is silent as to whether trial court conducted a compe-
tency hearing, or made any inquiry into appellants compentency
to stand trial. CR-3-31.

-6-

Trial Court failed to assure a reasonable legal deter-
mination, of appellant mental competency. Appellant alleges
that this is error in fact an law, an is a violation of his
substative due process right and is not barred by any limitation
period Nick v. State Supra.

Appellant respectfully ask this Honorable Court of Criminal
Appeals to remand this cause back to the Circuit Court to hold
an evidatiary hearing on the inquiry into the matter of Joseph
Walker's competency before his trial on the charge of Robbery 1
and if so; whether a legal determination was made regarding
his compentcy to stand trial or for such other relief thats
justly due. Glass v. State, Supra.

### CONCLUSION

In light of the facts presented to this court, the trial
court erred in summarily denying appellants rule 32 petition
without an evidentiary hearing on the claim of whether a legal
determination was made regarding appellants competency to stand
trial . Appelant prays that this court will remand this cause
back to said, court with instruction that a hearing be conducted.

RESPECFULLY SUBMITTED,

JOSEPH E. WALKER# 18448

HOLMAN UNIT 3700
ATMORE, ALABAMA 36503

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of February, 2006
I served a copy of the foregoing Brief and Argument upon all
parties by placing the same in the United States Mail Box Postage
Prepaid in advance.

ASSITANT ATTORNEY GENERAL *Troy King*
11 SOUTH UNION STREET
MONTGOMERY, ALABAMA 36102-1667

*Joseph E. Walker*
JOSEPH E. WALKER

88888.2
Lewis

SC NO._____

IN THE ALABAMA SUPREME COURT

Joseph Edward Walker
Appellant
versus

State of Alabama
Appellee

-------------------------------------------------

PETITION FOR WRIT CERTIORARI

_____

OF

MR. Joseph Edward Walker
Ais: 189482 Bed: 5-97
3700 Holman Unit
Atmore ,Alabama 36503

SC NO._____

IN THE ALABAMA SUPREME COURT

Joseph Edward Walker
Appellant

versus

State of Alabama
Appellee

Circuit Court of Russell County

"PETITION FOR WRIT OF CERTIORARI "

Comes your Petitioner Joseph Edward Walker , and petitions this
Court for a Writ of Appeals in the above - styled cause under
Rule 39 ARAP , and shows the following :

1.The petitioner was convicted of first degree Robbery , in
the Circuit of Russell County on September 17 , 1997 . The Crimin
-al Court of Appeals affirmed the Petitioner's conviction in
an unpublished Memorandum and issue a Certificate of judgement
on November 21 , 1997 . See, Walker v. State , (CR-96-0109)
725 So.2d 1077 (Ala.Crim.App.1997) (Table) . On April 18 , 2005,
the petitioner filed a Rule 32 petition , challenging his convict
-ion . After the State respondent , the Circuit Court summarily
dismissed the petition .
2. The petitioner timely Appealed . After briefs from both the
Appellant and Appellee was filed . The Criminal Court of Appeals
affirmed the summary dismissal of petitioner's Rule 32 petition,
on March 17 , 2006 , via Memorandum . The Petitioner's applicat-
ion for Rehearing was denied on the 14th day of April , 2006
.
3.A copy of the opinion of the Appellate Court is attached to
this petition which shows the Court of Criminal Appeals case
to be CR-05-0490 . And the Notice of Rehearing denial .

1.

4.Petitioner alleges ground for issuance of the Writ as follows:

[A] The petitioner suffers from paranoid schizophrenia and/
or drug - induced organic brain syndrome.

[B] The petitioner suffers from Alcohol Dependency.

[C] The petitioner has a Verbal I.Q. around 60.1
    his Performance I.Q. is around 62.3 ,and his
    full scale I.Q is around 62.5

the petitioner endeavor to raise the issue he was denied his
right to subtantial due process , cause he was tried while being
incompetent to stand trial , was a fiasco . Where he enlisted
the help of a penitentiary crack -head to help him file his
Rule 32 petition .

   The Criminal Court of Appeals in its Memorandum Affirmance
of the summarily denial of petitioner' Rule 32 petition, pointed
out that :

                "In this case , the appellant alleged that he
                "has a history of Mental Health Related issues
                from Childhood " and that " he had to go to
                [S]outhwest Mental Health Center in 1979, 1980."
                (C.R.10-11.) However , he did not allege what
                mental problems he may have had or what type
                of treatment he may have received for any such
                problems .. . .
                        I.d. page 3 , 2nd par .

while there can not be any real argument that the petitioner
may have not argued this issue artfully and skillfully . The
issue involved may be one of first impression . As follows:

                "Wheteher a Prisoner that's Truly
                Incompetent can actually file a
                Rule 32 petition in compliance
                with it's Rules of pleading ,and
                whether its proper for the Court
                to hold such a inmate to the same

standard it holds competent
petitioner to . "

this writer asks this Honorable Court as he asked the criminal
Court of Appeals the above question . And reasons since it's
contradictory to argue that a defendant maybe incompetent ,
and yet knowingly or intelligently waive his right to have the
court determine his capacity to stand trial , by virture of
, Pate v. Robinson , 383 U.S. 375 (1966) .See, also Wilson v.
State, 875 So.2d 1225 (Ala Crim.App.2003 )(reversing the case
back to the Court finding that a incompetent prisoner can not
enter a guilty plea knowingly and voluntarily).

It may be violative of procedural and substantial due process
of the law for the Criminal Court of Appeals to refuse to allow
this case reversed back to the trial Court . In order for this
writer to amend the petitioner's Rule 32 to properly plead this
issue for him . He simply can't file a Rule 32 petition and
the crack head that filed it for him needs mental medication.

Squarely , this writer is not willing to believe that the
Alabama Supreme Court intent in enacting the Rule 32 of the
Criminal Procedure . Intended that a truly incompetent persons
be denied his day in Court simply because he is to incompetent
fill out the Rule 32 petition correctly .

In closing the concerns of justice does demand that the
true mentally impaired be afforded reasonable consideration
in their endeavor to file a petition in Court . This question
should be answered by this Honorable Court to give direction
to the lower Courts when they are called upon to consider a
incompetent filings .

Wherefore , the petitioner prays this Honorable Court
grant this instant Writ as justice so may require .

Respectfully Submitted ,

4-26-06

s/ Joseph E. Walker

3.

## CERTIFICATE OF SERVICE

I hereby Cetify I have served all parties involved by placing of the same in the Institutional Mail Box , pre-paid postage, properly addressed , first class rate .

Done this the _26_ day of _April_ 2006.A.D.

# IN THE SUPREME COURT OF ALABAMA



July 14, 2006

**1051049**

Ex parte Joseph Edward Walker.  PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS  (In re: Joseph Edward Walker v. State of Alabama)  (Russell Circuit Court: CC95-598.63; Criminal Appeals : CR-05-0490).

## CERTIFICATE OF JUDGMENT

### Writ Denied

The above cause having been duly submitted, IT IS CONSIDERED AND ORDERED that the petition for writ of certiorari is denied.

BOLIN, J. - Nabers, C.J., and See, Harwood, and Stuart, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.

Witness my hand this 14th day of    July,    2006

*Robert G. Esdale Sr.*

Clerk, Supreme Court of Alabama

/bb

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama

Judicial Building, 300 Dexter Avenue

P. O. Box 301555

Montgomery, AL 36130-1555

RELEASED

MAR 1 7 2006

CLERK
ALA COURT CRIMINAL APPEALS

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

MEMORANDUM

CR-05-0490                    Russell Circuit Court CC-95-598.63

Joseph Edward Walker v. State of Alabama

Baschab, Judge.

On September 17, 1996, the appellant was convicted of first-degree robbery. On October 4, 1996, the trial court sentenced him, as a habitual offender, to imprisonment for life without the possibility of parole. See §13A-5-9(c)(3), Ala. Code 1975. We affirmed his conviction in an unpublished memorandum and issued a certificate of judgment on November 21, 1997. See Walker v. State, (CR-96-0109) 725 So. 2d 1077 (Ala. Crim. App. 1997) (table). On April 18, 2005, the appellant filed a Rule 32 petition, challenging his conviction. After the State responded, the circuit court summarily dismissed the petition. This appeal followed.

The appellant argues that the circuit court erroneously denied his petition without first conducting an evidentiary

hearing. In his petition, he contended that the trial court did not have jurisdiction to render a judgment and impose a sentence in his case because he was not competent at the time of his trial. Rule 11.1, Ala. R. Crim. P., provides:

> "A defendant is mentally incompetent to stand trial or to be sentenced for an offense if that defendant lacks sufficient present ability to assist in his or her defense by consulting with counsel with a reasonable degree of rational understanding of the facts and the legal proceedings against the defendant."

Further, in <u>Thomas v. State</u>, 766 So. 2d 860, 881-82 (Ala. Crim. App. 1998), aff'd, 766 So. 2d 975 (Ala. 2000), we held:

> "[T]he law is clear that '[p]roof of the incompetency of an accused to stand trial involves more than simply showing that the accused has mental problems or psychological difficulties.' <u>Bailey v. State</u>, 421 So. 2d 1364, 1366 (Ala. Cr. App. 1982).
>
> > "'"A distinction must be made between mental illness and mental incompetency to stand trial, and the fact that a defendant is mentally ill does not necessarily mean that he is legally incompetent to stand trial. Thus, not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence of defendant's mental unfitness must indicate a present inability to assist counsel or understand the charges."'
>
> "<u>Cowan v. State</u>, 579 So. 2d 13, 15 (Ala. Cr. App. 1990) (quoting 22A C.J.S. <u>Criminal Law</u> §550 (1989) (footnotes omitted)). <u>See</u> <u>Lackey v. State</u>, 615 So. 2d 145, 154 (Ala. Cr. App. 1992) (quoting the above, in holding that the jury had objective reason to reject an expert's opinion that the appellant was incompetent to stand trial because that opinion appeared to be based wholly on her judgment that he was mentally ill). <u>See also</u> <u>Eddmonds v. Peters</u>, 93 F.3d 1307 (7th Cir. 1996) (finding that an

2

ineffectiveness claim failed the prejudice prong, the court noted that the issue is not mental illness, but the ability to assist per <u>Dusky v. United States</u>, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960)), <u>cert. denied</u>, 520 U.S. 1172, 117 S. Ct. 1441, 137 L. Ed. 2d 548 (1997); <u>Lee v. Alabama</u>, 406 F.2d 466, 471-72 (5th Cir. 1968) ('one may be suffering from a mental disease which is at the root of antisocial action and simultaneously have a rational and factual understanding of court proceedings and be able to consult with a lawyer on a reasonably rational basis'), <u>cert. denied</u>, 395 U.S. 927, 89 S. Ct. 1787, 23 L. Ed. 2d 246 (1969); Committee Comments to Rule 11.1 (as amended effective October 1, 1996), Ala. R. Crim. P. ('Although some States require that the defendant's mental incompetence be attributable to a "mental disease or defect," the majority view is that the mere presence of a mental disorder, whatever its severity, is not a sufficient basis for a finding of incompetency to stand trial.')."

In this case, the appellant alleged that he "has a history of Mental Health Related issues from Childhood" and that "he had to go to [S]outhwest Mental Health Center in 1979, 1980." (C.R. 10-11.) However, he did not allege what mental problems he may have had or what type of treatment he may have received for any such problems. Also, he did not allege any specific facts in his petition to indicate that he did not have the ability to assist in his defense and that he was not able to consult with his trial counsel to a reasonable degree of rational understanding of the facts of his case and the legal proceedings against him. Rather, he simply alleged that he "is unaware of most of the exchanges between himself and trial counsel or what all transpired during the course of trial." (C.R. 11.) Therefore, he has not satisfied his burden of pleading pursuant to Rules 32.3 and 32.6(b), Ala. R. Crim. P. Because the appellant's claim was not sufficiently pled, the circuit court properly dismissed his petition without first conducting an evidentiary hearing. <u>See</u> Rule 32.7(d), Ala. R. Crim. P. Consequently, we need not address the propriety of the circuit court's finding that the petition was precluded. <u>See</u> <u>Sumlin v. State</u>, 710 So. 2d 941 (Ala. Crim. App. 1998) (holding that we will affirm a circuit

3

court's dismissal of a Rule 32 petition if it is correct for any reason).   Accordingly, we affirm the circuit court's judgment.

**AFFIRMED.**

McMillan, P.J., and Cobb, Shaw, and Wise, JJ., concur.

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA



Lane W. Mann
  Clerk
Sonja McKnight
  Assistant Clerk

P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

April 14, 2006

**CR-05-0490**

Joseph Edward Walker v. State of Alabama  (Appeal from Russell  Circuit Court: CC95-598.63)

## <u>NOTICE</u>

You are hereby notified that on April 14, 2006 the following action was taken in the above referenced cause by the Court of Criminal Appeals:

Application for Rehearing Overruled.

**Lane W. Mann, Clerk**
**Court of Criminal Appeals**

cc: Hon. Kathy S. Coulter, Circuit Clerk
    Joseph Edward Walker, Pro Se
    Hon. Madeline Hinson Lewis, Asst. Attorney General

# IN THE SUPREME COURT OF ALABAMA



July 14, 2006

**1051049**

Ex parte Joseph Edward Walker.  PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS  (In re: Joseph Edward Walker v. State of Alabama)   (Russell Circuit Court: CC95-598.63; Criminal Appeals : CR-05-0490).

## CERTIFICATE OF JUDGMENT

### Writ Denied

The above cause having been duly submitted, IT IS CONSIDERED AND ORDERED that the petition for writ of certiorari is denied.

BOLIN, J. - Nabers, C.J., and See, Harwood, and Stuart, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.

Witness my hand this _14th_ day of ___July,___  ___2006___

*Robert G Esdale Sr*

Clerk, Supreme Court of Alabama

/bb

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-05-0490**

Joseph Edward Walker v. State of Alabama  (Appeal from Russell  Circuit Court:
CC95-598.63)

## CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and
considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on March 17th
2006:

### Affirmed by Memorandum.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate
Procedure, it is hereby certified that the aforesaid judgment is final.

**Witness. Lane W. Mann, Clerk
Court of Criminal Appeals, on this
the 14th day of July, 2006.**

**Clerk
Court of Criminal Appeals
State of Alabama**

cc: Hon. George R. Greene, Circuit Judge
Hon. Kathy S. Coulter, Circuit Clerk
Joseph Edward Walker, Pro Se
Hon. Madeline Hinson Lewis, Asst. Attorney General