IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

JOSEPH E. WALKER, #189 482          *

    Petitioner,          *

    v.          *          3:07-CV-62-WHA
                                                         (WO)

GRANT CULLIVER, WARDEN,          *
*et al.*,
                                                      *

    Respondents.
_____

**ORDER**

    This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Joseph Walker on January 17, 2007. In this petition, Petitioner challenges his conviction for first degree robbery entered against him by the Circuit Court for Russell County, Alabama, on September 17, 1996. The trial court sentenced Petitioner, as a habitual offender, to life without the possibility of parole. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction on July 3, 1997 and subsequently denied his application for rehearing. The Supreme Court of Alabama denied Petitioner's writ of certiorari on November 21, 1997 and a certificate of judgment was issued the same day. By operation of law, Petitioner's conviction became final on February 19, 1998.

    Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28

U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Respondents contend that because Petitioner's conviction became final in 1998- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents concede that Petitioner filed a Rule 32 petition with the trial court on April 20, 2001 and a second Rule 32 petition on April 18, 2005. They argue, however, that these petitions did not toll the one-year period of limitation because they were filed after expiration of the limitation period and were, therefore, not pending as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Upon review of the pleadings filed in this case and the law of this Circuit, it appears that Petitioner's § 2254 petition is precluded from review by this court as it was filed outside the applicable period of limitation.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Petitioner was convicted of first degree robbery in the Circuit Court for Russell County, Alabama, on September 17, 1996. Petitioner filed a direct appeal. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction on July 3, 1997 and

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

denied his application for rehearing. The Alabama Supreme Court denied Petitioner's petition for writ of certiorari on November 21, 1997. A certificate of judgment was issued the same day. By operation of law, Petitioner's 1996 conviction for first degree robbery became final on February 19, 1998 -- ninety days after the Alabama Supreme Court denied the petition for writ of certiorari and a certificate of judgment was issued -- as this is the date on which the time expired for Petitioner to file a petition for writ of certiorari with the United States Supreme Court.[2] *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court). Thus, Petitioner's first degree robbery conviction became final on February 19, 1998 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date and ran uninterrupted until the limitation period expired on February 19, 1999. (Doc. No. 9, Exhs. 2-5.)

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

---

[2]Respondents' contention that Petitioner's conviction became final on November 21, 1997 upon issuance of the certificate of judgment fails to take into account the ninety days within which Petitioner could have filed a petition for writ of certiorari with the United States Supreme Court. Upon expiration of the ninety days within which Petitioner could have filed a petition for writ of certiorari with the United States Supreme Court, his conviction became final. (Doc. No. 9, Exhs. 3, 4.)

judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Petitioner filed a Rule 32 petition, this petition was not pending during the running of the limitation period as it was filed after expiration of this time period.[3] "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). It is, therefore, clear that the state post-conviction petition filed by Petitioner on April 20, 2001 had no affect on the running of the limitation period applicable to the instant federal habeas petition. *Webster*, 199 F.3d at 1259. (Doc. No. 9, Exhs. 6-12.)

Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Petitioner filing the instant § 2254 petition. In light of the foregoing, it is

ORDERED that on or before March 21, 2007 Petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

---

[3] Petitioner filed his first a Rule 32 petition in state court on April 20, 2001 - more than three years after § 2244(d)'s one-year period of limitation had expired.

Done, this 7th day of March 2007.

                                  /s//Terry F. Moorer
                                TERRY F. MOORER
                                UNITED STATES MAGISTRATE JUDGE