IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JOSEPH E. WALKER, #189482,
   PETITIONER,

VERSUS

GRANT CULLIVER, WARDEN,
et al.,
   RESPONDENTS.

CIVIL ACTION
NO.: 3:07-CV-62-WHA
(WO)

PETITIONER'S CAUSE AS TO WHY HIS FEDERAL HABEAS SHOULD NOT BE DENIED UNDER 28 U.S.C. SEC. 2244(d)(1).

This Court's Magistrate Judge, Hon. Terry F. Moorer on March 7, 2007 allowed this imprisoned pro-se petitioner until March 21, 2007 to:
"... show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. sec. 2244(d)(1)...." (see page (4) of order)

Comes Joseph E. Walker, the petitioner herein and hereby responds to the March 7, 2007 order, and since this imprisoned pro-se petitioner is also unlettered in the law and judicial litigation procedures, and he is unable to hire counsel he
1. request consideration by: Haines v. Kerner, 404 U.S. 519 (1972).

(1)

28 U.S.C. sec. 2244(d)(1) is not an automatic bar of access to the Court on the merits of a claim for relief, as is here presented. In fact the use of 28 U.S.C. sec. 2244(d)(1) to bar access to the Court due to the failure to apply within one-year is nothing less than a usurpation of United States Constitutional law under amendment (1). This act 28 U.S.C. sec. 2244(d)(1) involves an anti-terrorism death penalty act. Petitioner is neither a terrorist nor has he been accused of a capital crime. This act is a deliberate insult today on the ultimate sacrifice made by our Founding-Fathers who gave their all in order that we, the citizens, would have an inalienable right to access to the Court to seek redress of grievance. This farce 28 U.S.C. sec. 2244(d)(1) is clearly designed to cannibalize the long standing firm legal basis to freedom and is a monumental invasion of the "peoples" Constitutional Bill-of-Rights.

Petitioner was not evaluated, prior to his trial, to determine his competency at the time of the alleged accusation he was being tried for, nor to determine if he was competent to stand trial as the State Court ordered. That is the issue here as in the Courts of the State of Alabama, and the mentally incompetent are not forced to answer accusation of which they have no understanding of nor the mental capacity to knowingly commit.

2

(2)
The Eleventh Circuit Court of Appeals has held repeatedly that:
"Even if the petitioner cannot meet the cause and prejudice standard, a federal court may reach the merits of an abusive or successive petition if the failure to entertain the claims would constitute a fundamental miscarriage of justice". (emphasis added). Macklin v. Singletary, 24 F.3d 1307, 1313 (11th Cir. 1994); Medina v. Singletary, 960 F.Supp. 275, 279 n. (3-4) (M.D. Fla. 1997); Felker v. Turpin, 83 F.3d 1303, 1307 (11th Cir. 1996).

(3)
The state courts failure to cause the mental examination of this petitioner "after the state court ordered such an examination prior to the trial" is a horrendous error that caused this mentally incompetent citizen to be tried, convicted, and sentenced to life without the possibility of parole where no cause is gave for the failure to have the pre-trial mental-evaluation done. This imprisoned indigent petitioner has to rely on other prisoners, as here, to give their time, efforts, and slight litigation understanding, to apply to the courts, state or federal due to petitioners obvious mental incapacity and borderline retardation.

3.

(4)

The claim and allegations that petitioner was incompetent to stand trial does state a jurisdictional claim if sufficiently pleaded in the courts of the state of Alabama. see: Thomas v. State, 908 So. 2d 308, 309 (Ala. Crim. App. 2004), and since the situation here is unrefuted by respondents and applies directly to a structurally defective trial the same should be a non-waivable matter to factually resolve on the merits. Bailey v. Bd. of County Commissioners, 956 F. 2d 1112, 1127 (11th. Cir. 1992).

"Conclusion"

For the foregoing reasons, though not solely limited to the same, petitioner's federal habeas petition should not be denied under 28 U.S.C. sec. 2244(d)(1).

Respectfully submitted
Joe E. Walker  #189482
Holman 3700
Atmore, AL 36503

"Certificate of Service"

On March 16th 2007 a carbon-copy of the foregoing (show cause) is being correctly mailed to:

  Madeline Hinson Lewis
  Assistant Attorney General
  11 South Union Street
  Montgomery, AL. 36130.

with correct postage paid.

4.

Joe E. Walker
Petitioner's signature

JOSEPH E WALKER. A.I.S. #184482
HOLMAN CORRECTIONAL FACILITY
HOLMAN 3700
ATMORE. AL. 36503

3:07CV62WHA

MOBILE AL 366
19 MAR 2007 PM 1 T

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama  36101-0711

36101+0711

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

Legal-Mail
3:07-CV-62-WHA (WO)