IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

JOSEPH E. WALKER, #189 482        *

    Petitioner,        *

    v.        *        3:07-CV-62-WHA
                             (WO)
GRANT CULLIVER, WARDEN,        *
*et al.*,
                               *

    Respondents.

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Joseph Walker on January 17, 2007. In this petition, Petitioner challenges his conviction for first degree robbery entered against him by the Circuit Court for Russell County, Alabama, on September 17, 1996. The trial court sentenced Petitioner, as a habitual offender, to life without the possibility of parole. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction on July 3, 1997 and subsequently denied his application for rehearing. The Supreme Court of Alabama denied his petition for writ of certiorari on November 21, 1997 and a certificate of judgment was issued the same day. By operation of law, Petitioner's conviction became final on February 19, 1998. (*Doc. No. 1; Doc. No. 9, Exhs. 1-3*.)

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28

U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Respondents contend that because Petitioner's conviction became final in 1998- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents concede that Petitioner filed a Rule 32 petition with the trial court on April 20, 2001 and a second Rule 32 petition on April 18, 2005. They argue, however, that these petitions did not toll the one-year period of limitation because they were filed after expiration of the limitation period and were, therefore, not pending as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001). (*See Doc. No. 9, Exhs. 3-12*.)

Based on Respondents' argument, the court entered an order advising Petitioner that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). ( *Doc. No. 10*.) The order also gave Petitioner an opportunity to show cause why his petition should not be barred from review by this court. *Id*. Petitioner took the opportunity granted to file a response. (*See Doc. No. 11*.) In his response, Petitioner argues that his petition should not be time-barred because he is ignorant of the law, uneducated, and proceeding *pro se*. He further alleges that his substantive claim

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

for relief challenging his competency to stand trial is jurisdictional in nature and, therefore, not subject to the one-year limitation period. Finally, the court understands Petitioner to assert that application of the limitation period to his petition constitutes an unconstitutional suspension of the writ. (*Id*.)

## I. DISCUSSION

*A.  Statute of Limitations*

   *i.  Statutory Tolling*

A one year statute of limitations is applicable to habeas corpus petitions filed in non-capital cases for persons convicted in a state court. 28 U.S.C. § 2244(d)(1).[2] 28 U.S.C. §

---

[2] This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the

2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires.

Petitioner was convicted of first degree robbery in the Circuit Court for Russell County, Alabama, on September 17, 1996. Petitioner filed a direct appeal. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction on July 3, 1997 and denied his application for rehearing. The Alabama Supreme Court denied Petitioner's petition for writ of certiorari on November 21, 1997. A certificate of judgment was issued the same day. By operation of law, Petitioner's 1996 conviction for first degree robbery became final on February 19, 1998 -- ninety days after the Alabama Supreme Court denied the petition for writ of certiorari and a certificate of judgment was issued -- as this is the date on which the time expired for Petitioner to file a petition for writ of certiorari with the United States Supreme Court.[3]  *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not

---

        exercise of due diligence.

    (2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[3]Respondents' contention that Petitioner's conviction became final on November 21, 1997 upon issuance of the certificate of judgment fails to take into account the ninety days within which Petitioner could have filed a petition for writ of certiorari with the United States Supreme Court. Upon expiration of the ninety days within which Petitioner could have filed a petition for writ of certiorari with the United States Supreme Court, his conviction became final.

4

become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court).   Thus, Petitioner's first degree robbery conviction became final on February 19, 1998 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date and ran uninterrupted until the limitation period expired on February 19, 1999.  (*Doc No. 9, Exhs. 1-3*.)

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  Although Petitioner filed a Rule 32 petition, this petition was not pending during the running of the limitation period as it was filed after expiration of this time period.[4] "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no

---

[4] As noted, Petitioner's first Rule 32 petition was filed in state court on April 20, 2001 - more than two years after § 2244(d)'s one-year period of limitation had expired.

5

period remaining to be tolled." *Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). It is, therefore, clear that the state post-conviction petition filed by Petitioner on April 20, 2001 had no affect on the running of the limitation period applicable to the instant federal habeas petition. *Webster*, 199 F.3d at 1259. (*See Doc. No. 9, Exh. 3*.)

    *ii. Equitable Tolling*

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition," *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001); *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id*.

Petitioner does not dispute that his petition is time-barred. He claims, however, that the filing of this petition beyond the limitation period should be excused. In support of his

grounds for equitable tolling, Petitioner argues that: 1) his substantive claim for relief that he was not mentally competent to stand trial is not time-barred because it is jurisdictional in nature and subject to review if properly plead in the state courts; 2) he is uneducated in the law and is proceed *pro se*; and 3) subjecting his habeas application to the limitation period in § 2244(d) is an unconstitutional suspension of the writ. (*See Doc. No. 11*.)

As noted above, equitable tolling is appropriate when a petitioner fails to timely file his petition due to extraordinary circumstances beyond his control and unavoidable even with diligence. *Sandvik* 177 F.3d at 1271; *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000). The burden firmly rests with the petitioner to establish that he is entitled to the benefit of this extraordinary remedy. *Drew,* 297 F.3d at 1286. Petitioner's contention that his claim concerning his mental competency to stand trial is jurisdictional in nature and, thus, not governed by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A) is unavailing. Neither 28 U.S.C. § 2244(d) nor federal case law makes such an exception for jurisdictional issues arising under state law. Furthermore, Petitioner's mere allegation that his late filing should be excused because of his "obvious mental incapacity and borderline retardation" (*see Doc. No. 11 at 3*), is unavailing. A habeas petitioner must allege more than "the mere existence of physical or mental ailments" to invoke the equitable tolling of the limitation period. *See Rhodes v. Senkowski,* 82 F. Supp.2d 160, 173 (S.D.N.Y.2000). A habeas petitioner has the burden of showing that mental health

problems rendered him or her unable to file a habeas petition during the one year limitations period. *Id.* While mental illness may support equitable tolling under some circumstances, *see Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (*en banc*), the court finds that those circumstances have not been shown in this case. Assuming the truth of Petitioner's allegation that he has a low IQ and a history of psychiatric problems dating back to childhood (including being bipolar and schizophrenic), this is insufficient to demonstrate that he is actually mentally incompetent. *See Furr v. Robinson*, 2000 WL 152147, at *2 (E.D.Va.2000) (denying equitable tolling where the petitioner demonstrated that he had the mental abilities of a fifth-grader because a showing of below-average abilities did not render the petitioner incompetent or constitute "extraordinary circumstances"), *appeal dismissed*, 215 F.3d 1318 (4th Cir. 2000). Nothing in the record supports a finding that Petitioner's mental condition made it impossible for him to file his federal petition on time. Indeed, the record reflects that Petitioner's alleged mental shortcomings did not prevent him from filing post-conviction petitions in 2001 and 2005. [5] *See, e.g., Braham v. State Ins. Fund*, 1999 WL 14011 at *4 (S.D. N.Y. 1999) (filing

---

[5] The court notes that in his post-conviction petition filed on April 18, 2005, Petitioner presented his claim that the trial court did not have jurisdiction to render a judgment or impose sentence in his case because he was not mentally competent to stand trial. Although the trial court dismissed the petition as successive, on appeal the Alabama Court of Criminal Appeals reviewed the claim and determined that Petitioner had not satisfied his burden of pleading such claim and the trial court, therefore, had properly dismissed the post-conviction petition without first conducting an evidentiary hearing. (*Doc. No. 9, Exhs. 4C, 5B*). *See Medina v. Singletary*, 59 F.3d 1095, 1111 (11th Cir. 1996) (Although Smith did not raise, on direct appeal or in his initial Rule 32 petition, "his substantive competency claim that he was tried while incompetent . . . [this]

of other lawsuit during alleged incompetency period demonstrated plaintiff was capable of pursuing her legal rights). In sum, the court concludes that Petitioner fails to show how the mental health problems that he claims he suffers from rendered him incapable of filing his habeas petition during the one year limitations period and, therefore, he has failed to meet his burden of establishing a basis for equitably tolling the statute.[6]  *See e.g., O'Connor v. North Am. Phillips Lighting Corp.*, 1989 WL 118224 at *5 (N.D. Ill. 1989) ("The plaintiff's evidence of depression and mental incapacity is thus vague and undocumented. As such, it is legally insufficient to toll the statutory filing period. . . .").

Petitioner also argues as grounds for equitable tolling that he is uneducated, ignorant of the law, and proceeding *pro se*. The law is settled, however, that a petitioner's *pro se* status and ignorance of the law are insufficient grounds on which to toll the limitation period. *See Felder v. Johnson,* 204 F.3d 168, 171-73 (5th Cir. 2000) (ignorance of the law is insufficient rationale for equitable tolling); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.1999) (neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."); *Fisher v.*

---

substantive claim . . . is not subject to procedural default and must be considered on the merits."); *Glass v. State*, 912 So.2d 285, 288 (Ala.Cr.App. 2004) ("To the extent [petitioner] raises a substantive due-process claim - that he was convicted while mentally incompetent to stand trial - the petition is not subject to procedural bars.").

[6]Petitioner states in his petition that he has been under medical care for his mental health conditions for many years and continues to receive treatment for these conditions in prison.  (*Doc. No. 1 at 16*.)

*Johnson,* 174 F.3d 710, 714 (5th Cir.1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000) (same); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998) (equitable tolling not warranted to prisoner claiming he lacked access to federal statutes and case law); *Henderson v. Johnson,* 1 F. Supp.2d 650, 656 (N.D. Tex. 1998) (claims that petitioner "did not have professional legal assistance [and] 'did not know what to do' . . . are far from the extraordinary circumstances required to toll the statute").

Finally, to the extent Petitioner may be heard to claim that the court's failure to address the merits of his habeas application represents a suspension of the writ of habeas corpus, this allegation is without merit. The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. Art. I, § 9, cl. 2. Whether the one-year limitation period violates the Suspension Clause depends upon whether the limitation period renders the habeas remedy inadequate or ineffective to test the legality of detention. *See In re Dorsainvil*, 119 F.3d 245, 248 (3rd Cir. 1997). The undersigned finds that under the circumstances of the present case the Suspension Clause has not been violated.

Section 2244(d) does not foreclose habeas corpus relief for those who diligently pursue their claims. Further, 28 U.S.C. § 2244(d) is not jurisdictional and as a limitation period is subject to equitable tolling. *Sandvik*, 177 F.3d at 1271. Equitable tolling, however,

is rarely applied by the federal courts. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). In order for the limitation period of § 2244(d) to be equitably tolled, a petitioner must demonstrate either wrongdoing by the defendant or extraordinary circumstances beyond the petitioner's control which made it impossible to file a petition on time. *Sandvik*, 177 F.3d at 1771; *see also Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).

In this § 2254 petition, the court concludes that Petitioner has failed to establish that he is entitled to equitable tolling. Accordingly, the Court finds that application of the one-year statute of limitations to his application for habeas relief is not violative of the Suspension Clause. *See Lindh v. Murphy*, 96 F.3d 856, 867 (7th Cir.1996), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059 (1997) ("to alter the standards on which the writ issues is not to 'suspend' the privilege of the writ."); *Felker v. Turpin*, 518 U.S. 651, 663-65 (1996) ("we have long recognized that 'the power to award the writ by any of the courts of the United States, must be given by written law,' and we have likewise recognized that judgments about the proper scope of the writ are 'normally for Congress to make.'" (citations omitted)); *Green v. French*, 143 F.3d 865, 875 (4th Cir. 1998) ("amended § 2254(d)(1) does not suspend the privilege of the writ, but rather, represents a modest congressional alteration of the standards pursuant to which the writ issues.").

It was Petitioner's delay in filing his § 2254 petition, not the AEDPA, that deprived him of review of his application in this court. Inasmuch as there is simply no evidence that

11

Petitioner did not have ample time to prepare and file a petition, the Suspension Clause is not violated. There is no evidence that obstacles were placed in his way or that extraordinary circumstances beyond his control prevented him from filing a timely motion. He simply missed the deadline for filing a habeas corpus application as have many other prisoners. Petitioner has failed to present any meritorious argument which would require this court to overlook the intent of Congress in enacting the AEDPA and place him in a better position than other inmates who have met a similar fate.

Based on the foregoing analysis, the court concludes that Petitioner has failed to assert any credible basis for either equitable or statutory tolling of the limitation period until he filed this cause of action. The reasons set forth by Petitioner for his untimeliness are insufficient to establish the extraordinary circumstances required to toll the limitation period. The factual predicate of the claims were available to Petitioner at the time of his convictions and sentence. Further, the claims presented in this petition are not based on a newly recognized constitutional right.

There is no evidence in the record tending to show that Petitioner' delay in filing the instant § 2254 petition was the result of extraordinary circumstances that were beyond his control and unavoidable with the exercise of diligence. Petitioner presents nothing which demonstrates that he acted diligently in pursuing his federal claims. Thus, this court "cannot say that [Petitioner] has acted with the conscience, good faith, and reasonable diligence

12

necessary to call into action the powers of the court. This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5 (internal quotations omitted). Consequently, Petitioner is not entitled to equitable tolling of the limitation period as he has shown neither extraordinary circumstances nor the diligence necessary to toll the statute. *See Sandvik*, 177 F.3d at 1271.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Joseph Walker be DENIED and DISMISSED with prejudice as time-barred.

It is further ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **November 17, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done, this 3rd day of November 2008.

                  /s/Terry F. Moorer
                  TERRY F. MOORER
                  UNITED STATES MAGISTRATE JUDGE